CAYCE LAND CO. v. GUIGNARD *ET AL.*

(139 S. E., 145)

Appeal and Error—Opinion on Former Appeal Held Conclusive Against Contention of Defendant Being Liable for Profits of Land as Trustee Rather Than for Rental Value as Trespasser. —Opinion on former appeal holding that defendant was not holding land as trustee and so liable for the profits, but was only a

trespasser liable for the rental value, *held* conclusive against contrary contention as to status and liability on hearing after remand for further proceedings not inconsistent with the conclusions reached in the opinion.

Before BONHAM, J., Lexington, December, 1926. Affirmed.

Action by the Cayce Land Company against Susan R. Guignard and others. From an adverse decree, plaintiff appeals.

The opinion and decree of Judge M. L. Bonham is as follows:

"This case might well be likened to that of *Jarndyce v. Jarndyce,* made famous by Dickens in his crusade, in Bleak House, against 'the law's delays' as exemplified in the processes of the Courts of Chancery in England. This case has been three times to the Supreme Court; the last opinion of that Court appears in 135 S. C., at page 446 (134 S. E., 1). In that opinion Mr. Justice Cothran gives a luminous history of the intricate transactions and the long litigation involved in the case. That history need not be repeated here.

"The matter came before me at the fall, 1926, term of the Court of Common Pleas for Lexington County, upon exceptions to the report of the special referee.

"It is proper to state that after the filing of the opinion of the Supreme Court in the last appeal G. A. Guignard, the defendant, died, and the executors of his will and the devisees and legatees thereunder are substituted in his stead as parties defendants.

"After the filing of the opinion of the Supreme Court in the last appeal, the plaintiff obtained from Judge De Vore an order referring it back to the special referee, R. E. Carwile, Esq., 'to ascertain the amount due by the defendant Guignard to the plaintiff for the use of the underpass under the Southern Railway, and of the private railroad track crossing the right of way of the Southern Railway, such accounting to cover the period commencing the 15th day of

March, 1915, and extending up to the date of his report, allowing to the plaintiff 215/216 of the amount,' etc.

"The special referee has made his report as of date July 15, 1926, and the matter is now before me for determination of the exceptions to that report filed by the plaintiff. These contest the report by the first two exceptions on the ground that the special referee disregarded the opinion of the Supreme Court and the order of Judge De Vore, and 'refused to allow to the plaintiff anything for the use of the underpass under the Southern Railway and of the private railroad track crossing the right of way of the Southern Railway.' By its remaining exception plaintiff contends that the special referee erred in not allowing to plaintiff whatever of benefit Guignard derived from the use of the underpass and private railroad within the dates fixed by the order of Judge De Vore; that the evidence shows that Guignard made a saving of $5 per carload of freight hauled over the road; that within the period under review he hauled 20,659 carloads; that the saving amounted to $103,395, without interest; that as no proof is offered by defendant to negative the value of his use of the line, plaintiff assumes, under the authority of the case of *Williams v. Bruton,* 121 S. C., 30; 113 S. E., 319, that three-fifths of the saving of $5 per carload should be credited to the balance of the private railroad, and the defendant charged with the other two-fifths, to wit, $2 per carload.

"Plaintiff alleges in this exception that this amounts to the sum of $41,318 for the years 1915 to 1925 and 4 months, all inclusive, that interest on this amount to July 15, 1926 (the date of the report of the special referee), is $17,793.-08; plaintiff states that the aggregate amount of these two items is $59,101.08; my addition makes $59,111.08; however, using plaintiff's figures, the exception proceeds thusly: 'Deducting from that sum the 1/216 part to which Guignard is entitled, it leaves a balance of $58,837.42 due by Guignard

to the Cayce Land Company on account of the rental value of the underpass and spur track.'

"As to the first exceptions which charge the special referee with a disregard of the opinion of the Supreme Court and the order of Judge De Vore, the referee in his last report says:

" 'It is the contention of the defendant that this matter of the rental value of the line of railway or spur track and use of the underpass above referred to has already been covered in my former report, but the Court by this order has settled otherwise. However, in justice to myself, I desire to say that in my former report it was my intention to make a full report as to the rental value of all the property involved in the litigation, and in making that report I did take into consideration the rental value of the spur track and of the underpass referred to in this order of reference, and I found that $50 a year was a fair rental for the two spur tracks or lines of railway and of the underpass used in connection with one of them. Evidently the language used by me in my former report was not clear, but such was my intention, for I stated: "That it matters little whether the defendant is chargeable with the rental value of the whole length of said tracks or a portion thereof. The length would have little to do with it." ' '

"He now states that he has taken additional testimony offered, but adheres to his former opinion that $50 a year is the rental value of the private railroad and underpass. In compliance with the order of reference made by Judge De Vore, he states the amounts due as follows: Total of principal and interest as rental for the 1 square acre, $3,549.69; for rental of houses, principal and interest, $789.59; for rental of lines of railway and underpass, principal and interest, $706.41. This makes a grand total of $5,045.69.

"All of the exceptions challenge the correctness of this report, and, as stated, plaintiff contends that it is entitled to recover two-fifths of the amount saved by Guignard by

the use of the spur tracks and the underpass; which amount it alleges the special referee should have found to be the sum of $58,837.42, principal and interest, as of date the 15th of July, 1926, the date of the report.

"It seems to me that the questions made by the exceptions have been determined by the Supreme Court adversely to plaintiff's view. In the opinion in the last appeal, Mr. Justice Cothran, delivering the unanimous opinion of the Court, said:

" 'Ordinarily the executory devisees or their successors in title would have had a cause of action against Guignard for damages on account of this continued trespass, with the consequent right to require him to remove the cause of the trespass, but it appears that they preferred to hold him liable as a trustee for them, and accountable for the rental value * * * of the strip occupied by the spur tracks. Accordingly we find that under the decree of his Honor Judge Moore of March 16, 1922, the defendant was required to account for "the rental value of said lands occupied by him since the death of the tenant in fee defeasible, John Campbell Bryce, which occurred in the year 1915." In obedience to this decree the special referee overruled the contention of the plaintiff that it was entitled to the profits made or the money saved by Guignard on account of the operation of these two spur tracks, and held that "the rental value of this strip of land (evidently meaning the two strips occupied by the spur tracks) must be established by proof of what the premises would rent for or from evidence of other facts from which a fair rental may be determined," and fixed the rental value at $50 per annum, amounting to $565.32, which included interest up to January 1, 1925. He further held that the underpass and the spur tracks could not be considered as permanent improvements, or that they enhanced the value of the strip of land. This portion of the referee's report was confirmed by the decree of his Honor Judge De Vore of August 31, 1925. The plaintiff's contention is that Guignard

was a trustee for the executory devisees and their successors in title of the strips covered by these two spur tracks laid upon the four-tenths of an acre strip; that his construction of the spur tracks across this strip must be deemed in law to have inured to the benefit of the trust estate which he held; and that, therefore, Guignard should be held responsible to the beneficiaries for what the spur tracks as a whole were worth to him; that during the period mentioned Guignard had hauled 18,321 carloads of freight over the spur tracks at a saving to him of $5 per car, which, without interest, would amount to $91,604; that the spur tracks were essential to his business as a manufacturer and shipper of brick; that this was a profit derived by Guignard, the trustee, by the withholding of the trust property from the beneficiaries, and that he should account therefor.

" 'We think that it might as well have been contended by the Cayce Land Company, when it sued the Southern Railway Company for compensation for the right of way which it held from the grantors of the fee defeasible, that the Southern Railway Company occupied the position of trustee for the executory devisees, and was accountable for the entire profits which it had made from the earnings of its railroad as a whole. Such a proposition is shocking.

" 'We doubt very much if Guignard, who took possession of this strip under a contract with B. B. Cayce, covering the 3½ acres of land constituting the right of way of the Southern Railway Company, the strip being outside of that right of way, can be so connected with one who held under the tenant in fee defeasible as to constitute him a trustee for the executory devisees and their successors in title. This situation had not developed when Judge Moore's decree was signed, and there is nothing to show that he meant to hold that one in possession under these circumstances was a trustee for the executory devisees. Guignard was mistaken in the extent of land covered by his contract with B. B. Cayce, and as to this strip he was a trespasser upon land which

belonged, after the termination of the fee defeasible, to the executory devisees and their successsor in title.

" 'Besides, the plaintiff is concluded by the decree of his Honor Judge Moore of March 16, 1922, which specifically requires the defendant to account for the rental value of the portions of the land which the defendant had in possession. The conclusion of the special referee. upon this point is satisfactory to the Court.'

"I have quoted thus fully from the opinion of the Supreme Court because it seems to me that it disposes of every question raised by the exceptions of the plaintiff to the last report of the special referee. The referee has taken additional evidence upon the question of the rental value of the premises, and reiterates his findings thereabout as it was stated in his former report. That former report was confirmed by his Honor, Judge De Vore, and was declared by the Supreme Court to be satisfactory to it. The referee has calculated the interest on the various items due by the defendant, and brought the account up to the date of his last report, July 15, 1926. I concur in his findings of fact and with his conclusions of law.

"It is therefore adjudged, and it is ordered and decreed, that the exceptions to the report of the special referee be and are overruled, and that the report be and is hereby confirmed and made the judgment of this Court."

*Messrs. Lyles & Lyles,* for appellants, cite: *Compensation plaintiff entitled to:* 133 S. C., 395. *Defendant being in possession as trustee bound to make a full disclosure of the amount of land so possessed:* 124 S. C., 448. *Trustee not permitted to derive any profit out of the trust:* 39 Cyc., 296; 2 McCord Eq., 214; 16 Am. Dec., 648. *"Rental value":* 34 Cyc., 335; 42 N. W., 788; 13 N. W., 714; 115 N. W., 1013, 1017. *Third appeal:* 135 S. C., 446-554.

*Messrs. James S. Verner* and *D. W. Robinson,* for respondents, cite: *Third appeal:* 135 S. C., 446-554. *If correct*

*conclusion reached even though ruling of Court misapplied there is no reversible error:* 74 S. C., 296.

August 12, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This Court is entirely satisfied with the conclusions of his Honor Judge Bonham, and his decree is accordingly affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.